UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

WILLIAM HUDSON #408204,

        Plaintiff,                      Case No. 2:07-cv-138

v.                                      HON. WENDELL A. MILES

NANCY PHILLIPSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff William Hudson, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Nancy Phillipson. Plaintiff alleges in his complaint that on May 6 and 7 of 2006, Defendant denied Plaintiff breakfast and lunch. Plaintiff filed a grievance on Defendant on May 15, 2006. On July 1, 2006, Defendant wrote a major misconduct ticket on Plaintiff, alleging that he disobeyed a direct order to put his hands on the wall and his knees on the bunk. Plaintiff claims that this misconduct was written in retaliation for the May 15, 2006, grievance. Plaintiff was found guilty of this misconduct ticket on July 13, 2006.

Plaintiff also claims that on July 18, 2006, Defendant wrote a second major misconduct ticket on Plaintiff, alleging that he disobeyed a direct order to put his hands on the wall and his knees on the bunk. This second misconduct ticket was dismissed on July 24, 2006, after Plaintiff had been subjected to five days of food loaf. Plaintiff states that this misconduct ticket was also retaliatory. Plaintiff seeks compensatory, punitive and nominal damages, as well as declaratory relief.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the undersigned notes that Plaintiff's claims regarding the July 1, 2006, misconduct ticket are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting

Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not

successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his July 1, 2006, misconduct has been invalidated, his claim with regard to this misconduct conviction is not presently cognizable. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

Plaintiff also claims that the July 18, 2006, misconduct ticket was retaliatory and that this charge was dismissed by the hearing officer. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendant Phillipson wrote the misconduct ticket because Plaintiff had filed a grievance against her.

Plaintiff attaches a copy of the misconduct hearing report to his complaint as an exhibit. In the reason for finding, the hearing officer noted:

> On 7/18/06 the officer claims that the prisoner was given an order to put his hands on the wall and his knees on the bunk. He did not follow the order, but sat on his bunk. The prisoner admits he was given an order, but claims that, due to knee problems, he just put one knee on the bunk and his hands on the wall. Prisoner's defense was not adequately addressed in the investigation. First, the prisoner claimed that Stasewich was present and asked him a series of questions as to what he had done when the reporting staff member gave him the order. Stasewich did not answer these questions nor did he give a statement contradicting the prisoner's claim that he was at the door with the reporting staff member. This would not necessarily defeat the misconduct report, however, if there was evidence in the record that the prisoner was able to comply with the order by putting put [sic] both knees on the bunk as prisoner's admissions still would sustain the charge, but there is not the evidence. This was the second missing piece. There was no medical [sic] to contradict the prisoner's claims that he could not put both knees on the bunk. Instead, there is

> just the prisoner's claims that he has problems with his one knee. As the record now stands, this charge can not be sustained. There is not a statement from a witness that was claimed to have been present at the time nor is there anything to contradict the prisoner's claims that he was physically unable to put both knees on his bunk. Charge not upheld.

(*See* July 24, 2006, Hearing Report, attached to Plaintiff's complaint.)

Plaintiff also attaches a copy of his step I grievance response on this incident, dated August 6, 2006. According to the grievance response:

> The Grievant is currently on an Upper Slot Management Plan due to assaultive behavior exhibited as serves [sic] were being delivered via the upper cell door slot. The Management Plan requires Mr. Hudson to face the back wall of his cell, kneel on the cell bunk, and place his hands on the back wall prior to staff delivering any services. This respondent spoke with the Grievant on the date of incident shortly after the incident took place. The Grievant first indicated he could not kneel on the bunk due to medical reasons. The Grievant then proceeded to demonstrate how he was positioned during the incident. The Grievant sat down on the bunk placed his hands on the wall and partially faced the cell door. At that time, I informed the Grievant that this position was not acceptable. I contacted LMF Health Service and found that there was no injury noted that would prevent the Grievant from following the protocol for which the Upper Slot Management Plan sets forth.

(*See* Step I Grievance Response to LMF 0607 2717 17b, attached to Plaintiff's complaint.)

A review of the documents attached to Plaintiff's complaint reveals that Plaintiff admittedly failed to comply with Defendant's direct order on July 18, 2006. Plaintiff's asserted excuse for this conduct was that he suffered from a medical condition which prevented him from such compliance. However, as noted in the step I grievance response, there is no evidence of such a medical condition. Therefore, it appears that the misconduct ticket was warranted by Plaintiff's behavior. In addition, Plaintiff fails to allege any specific facts supporting his claim of retaliatory

motive. Accordingly, his speculative assertion that the July 18, 2006 misconduct ticket was retaliatory fails to state a claim.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 11, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).