UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILL HUDSON,

    Plaintiff,

                                                    Case No. 2:07-cv-138

v

                                                    Hon. Wendell A. Miles

NANCY PHILLIPSON,

    Defendant.

_____/

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND ORDER OF DISMISSAL

Will Hudson, a Michigan prisoner currently confined at the Alger Maximum Correctional Facility, filed a complaint in this case asserting claims under 42 U.S.C. § 1983 based on allegations that defendant, prison guard Nancy Phillipson, unlawfully retaliated against him for filing grievances.  On September 11, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that the complaint be dismissed for failure to state a claim.  The plaintiff has responded with a "Dispositive Motion to Object to § 1983 Civil Action Dismissal" (doc. no. 10).[1]  The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, and having considered plaintiff' objections as stated in his "Dispositive Motion to Object," agrees with the  recommended disposition

---

[1] Oddly, plaintiff's signatures on his filings are preceded by the designation "© 2007" and followed by the phrase "signature without recourse" combined with citation to the Uniform Commercial Code.  Plaintiff's use of such symbolism and legal jargon is incomprehensible, and whatever meaning he may give to such designations he has kept to himself.

contained in the R & R. Judgment will therefore be entered accordingly.

### Discussion

At the outset, the court notes that plaintiff objects to what he believes is a designation of the Magistrate Judge as a "special master." However, the court made no such designation. Plaintiff's case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and W.D.Mich.L.Civ.R. 72.1(e) and 72.1; the court did not appoint the Magistrate Judge as a special master under 28 U.S.C. § 636(b)(2) and Fed.R.Civ.P. 53. See Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1201 (6th Cir. 1984) (addressing distinction). Plaintiff's consent was not needed for the referral, which was in accordance with the court's local rules and authorized by federal law. Plaintiff's objection is therefore without merit.

The Magistrate Judge properly found that plaintiff had failed to state a claim of retaliation because (1) he has not shown that the July 1, 2006 misconduct charge has been invalidated, and (2) he has not shown that the July 18, 2006 misconduct charge – which was dismissed – was unwarranted, insofar as plaintiff admittedly failed to comply with the defendant's order but later claimed excuse, in the form of a bad knee. Plaintiff appears to argue that each of these conclusions is wrong because, in order to state a claim, he need only allege that the defendant filed false disciplinary charges against him. In support of his position, plaintiff cites to Franco v. Kelly, 854 F.2d 584 (2d Cir. 1988).

In Franco, the inmate alleged that prison officials had intentionally filed false disciplinary charges against him in retaliation for his cooperation with a state investigation of allegations of inmate abuse at the prison. The Second Circuit reversed a ruling by the district court, which had

2

granted summary judgment in favor of the defendants on the basis that the plaintiff's claim for damages was precluded because he had been afforded minimum procedural due process protections. However, although the action was permitted to go forward, the inmate in that case had filed a prior proceeding in a New York state court and obtained an expunction of the disciplinary report and proceedings from his prison files. That state court ruling, which was affirmed, was a matter of record. Franco, 854 F.2d at 585. That is not the case here with respect to plaintiff's July 1, 2006 misconduct charge; plaintiff alleges that he was found guilty of the charge, and he does not allege that the misconduct conviction has been invalidated. Therefore, the court adopts the Magistrate Judge's thorough and well reasoned recommendation to dismiss plaintiff's claim based on the July 1, 2006 misconduct charge.

With respect to the July 18, 2006 misconduct charge, plaintiff argues that it is "irrelevant" whether or not he complied with the order to place his hands on the wall and knees on his bunk. Plaintiff argues that it is defendant Phillipson's alleged retaliatory intent which is the sole issue, and not his own compliance or lack of compliance with her order.

An inmate has a clearly established First Amendment right to be free from retaliation, in the form of the issuance of a false major misconduct ticket. Scott v. Churchill, 377 F.3d 565, 572 (6th Cir. 2004). Here, however, although plaintiff alleges that defendant Phillipson filed a false or "fictitious" misconduct charge against him on July 18, 2006, plaintiff's own documents refute this allegation. Plaintiff attaches exhibits to his complaint, which are therefore incorporated into the complaint by reference. See Fed.R.Civ.P. 10(c) (providing, in pertinent part, that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). These exhibits contain a misconduct hearing report in which the hearing

officer noted that "[t]he prisoner admits he was given an order, but claims that, due to knee problems, he just put one knee on the bunk and his hands on the wall." Complaint, Exhibit C. The hearing officer did not uphold the charge because there was no medical evidence to contradict plaintiff's claim that he was unable to put both knees on the bunk. However, when plaintiff grieved the incident, the responding officer noted that plaintiff had demonstrated how he had responded to the order and that this response – sitting on the bunk partially facing the cell door – was unacceptable. Complaint, Exhibit E. The responding officer also noted that he had contacted the prison health service and determined that "there was no injury noted" which would prevent plaintiff from complying with the order, which was part of an upper slot management plan instituted due to assaultive behavior by plaintiff.

In performing the screening function under 28 U.S.C. § 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) to determine whether the complaint fails to state a claim upon which relief can be granted, the court will apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Pro se filings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. Id. Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965.

4

Here, plaintiff has provided specific facts with his complaint, in the form of exhibits. The facts contained within the exhibits go beyond the bare conclusory allegations of his complaint. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to [Fed.R.Civ.P. 10(c)], the exhibit prevails." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991). Plaintiff's exhibits show that the July 18, 2006 charge was ultimately dismissed only because plaintiff claimed to have a bad knee, and not because there was any indication that he was not guilty of the charged offense. However, "[f]iling a misconduct charge that is based on a prisoner's misconduct is not an adverse action." Ziegler v. Martin, No. 01-2677, 2002 WL 31114764, *2 (6th Cir. Sept. 23, 2002). The charge must be false. As the Magistrate Judge correctly noted, the misconduct ticket was warranted by plaintiff's admitted behavior. The documents show that at best, plaintiff merely put one knee on the bed and at worst, he sat on the bed. Therefore, the charge – disobeying a direct order – was not unwarranted. Cf. Scott, 377 F.3d 567 (misconduct charge was "not sustained," with hearing officer indicating that guard's credibility was "questionable").

Finally, and notwithstanding his argument that it is "irrelevant" whether he complied with defendant Phillipson's July 18, 2006 order, plaintiff argues that his case should be permitted to proceed so that he can gather evidence, including (1) an alleged videotape of the incident, and (2) medical records located in California which will show that he had arthroscopic surgery on his left knee before his incarceration. Assuming that a videotape exists, however, plaintiff merely asserts that the video captures defendant Phillipson's behavior outside plaintiff's cell, and not plaintiff's own behavior within the cell. In addition, medical records maintained in California would not serve to excuse plaintiff's noncompliance with a direct order given by a Michigan

prison official. Simply put, plaintiff's retaliation claims are insufficient to survive dismissal, and therefore the Magistrate Judge was correct in recommending dismissal of this action.

## **Conclusion**

IT IS HEREBY ORDERED that the R & R of the Magistrate Judge is approved and adopted as the decision of the court. The complaint is dismissed with prejudice.

For the reasons stated above, the court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

So ordered this 7th day of February, 2008.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge